BOUDIN, Chief Judge,
concurring.
Under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (2000), the Skwira family was required as a condition of suing the federal government to file an administrative claim within two years of the accrual of their cause of action. Although tort claims customarily accrue at the time of injury, the practice is widespread of providing extra time-either by delaying accrual or tolling the statute-where the basis for suit is not apparent when the initial injury occurs. Villarini-Garcia v. Hospital Del Maestro, Inc., 8 F.3d 81, 84-87 (1st Cir.1993); Restatement (Second) of Torts § 899, cmt. e (1979). The locus classicus is the sponge left in the patient during surgery.
In United States v. Kubrick, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), the Supreme Court adopted this so-called discovery rule for a medical malpractice claim against the government under the Federal Tort Claims Act. Id. at 122, 100 S.Ct. 352. Since then, most circuit courts to consider the question have been willing to apply the same reasoning to other kinds of claims against the government where, in the nature of things, the prospects of any claim against the government were so hidden that a reasonable plaintiff would not have been alerted to their existence. E.g., Attallah v. United States, 955 F.2d 776, 780 (1st Cir.1992); Osborn v. United States, 918 F.2d 724, 731-34 (8th Cir.1990).
At the same time, Kubrick, like many other discovery rule cases, makes clear that a plaintiff is not entitled to wait until all of the facts in support of the claim are known. Kubrick, 444 U.S. at 122-23, 100 S.Ct. 352. Rather, once the plaintiff knows enough to provoke a reasonable person to inquire further, the plaintiff has the duty to investigate. See Gonzalez v. United States, 284 F.3d 281, 288-91 (1st Cir.2002). In substance, the plaintiff is charged with knowing what he might have found out by actively pursuing his bare suspicions and then filing a claim when there are reasonable prospects of liability.
Critically, when the plaintiff knows or should know enough to prompt a claim, he may not yet know enough to win the suit. Childers Oil Co. v. Exxon Corp., 960 F.2d 1265, 1272 (4th Cir.1992). To win a suit may require the development of further facts, perhaps even the conduct of discovery and further study by experts. But the discovery rule is a compromise between competing interests; and under the Federal Tort Claims Act, the burden on the plaintiff is peculiarly slight: all that is needed to comply with the statute is the filing of a simple two-page form with the responsible federal agency. 28 U.S.C § 2401(b) (2000); 28 C.F.R. § 14.2 (2002); Claim for Damage or Injury (Standard Form 95), WL 15A Fed. Proc. Forms § 63:22.
It is easy, especially in a case where government was actively investigating, to ignore the importance of the principle of early notice to the putative defendant. The longer the delay between the original wrong and the onset of litigation, the more likely that evidence on the defense side may be lost. Yes, in this case, nothing like that occurred; but statutes of limitation (unlike laches) are framed to work mechanically: indeed, one of their benefits is that arguments about whether there was prejudice from delay are banished from the scene.
The formulas used in the cases for implementing the discovery rule are neither precise nor consistent. Ultimately the question, highly dependent on the facts, is *85 whether the plaintiff knew enough as to the potential responsibility of the defendant that-within two years of that point-he should have filed the short form apprizing the government of a potential claim against it. Often, in close cases like this one, this is a jury issue-but not in a suit against the government. 28 U.S.C. § 2402 (2000); Lehman v. Nakshian, 453 U.S. 156, 161, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981) (no right of jury trial for tort claims against the federal government).
In this case, the district court carefully analyzed the undisputed raw facts. Those confirm that by mid-1996, the Skwira family had learned that other suspicious deaths had occurred at the hospital in addition to the wholly unexpected sudden death of Edward Skwira, that a government investigation involving the U.S. attorney and the state police was underway, that Skwira’s exhumation was necessary, and that (based on the autopsy) the death certificate had misstated the cause of death. And, of course, it was known that the hospital was run by the federal government.
At this point, a reasonable person would have believed that some kind of negligence or misconduct by government employees at the hospital might well underlie Edward Skwira’s death. That some of the plaintiffs actually had such suspicions is not necessary but appears to have been the fact. The Skwiras then had two further years to investigate. Further, on similar evidence the family of one of the other victims did file a claim within the time period allowed. Yet the Skwira family waited over three years after the autopsy report before filing their claim.
The problem in this case is primarily one of applying an abstract (and rather general) concept-adequate notice to trigger the discovery rule-to a unique fact pattern among an endless parade of possibilities. The major peculiarity here is that the Skwira family could probably not have had definitive proof of their claim before the government completed its investigation. This makes the present case highly unusual: normally, as in Kubrick itself, one whom suspicions prompt to consult an expert or a lawyer can usually get a good fix on liability within a reasonably brief period.
But under the discovery rule, definitive proof of wrongful conduct and government liability is not required to start the period for filing a claim. Kronisch v. United States, 150 F.3d 112, 123 n. 6 (2nd Cir.1998), cert. denied 531 U.S. 1078, 121 S.Ct. 775, 148 L.Ed.2d 673 (2001); Childers, 960 F.2d at 1272. So the question is whether a further delay should be interpolated into the limitations period for cases in which, though substantial suspicions should have been excited, they could not in the nature of things have been fully satisfied within the next two years. At least one circuit court has been willing to delay the statute while science sorted matters out, Stoleson v. United States, 629 F.2d 1265, 1268-71 (7th Cir.1980); on the other hand, filing the claim form, thereby tolling the statute, is not a burdensome task.
Alternatively, some might think that where the government is actively investigating a matter, private parties should be allowed to await the outcome of the official investigation and that the statute should be tolled in the meantime. But this choice too involves competing policy concerns and the engrafting of a judge-made exception upon statutory language that gives no hint of any such reservation. And given the range of government investigations into official and private conduct of all kinds, such an exception could have ramifying consequences that a court cannot easily assess.
*86 Perhaps the Supreme Court will move in the direction of Stoleson or of an exception for pending government inquiry, but there are some reasons for a lower court to be cautious. Where the sovereign has consented to be sued for its agents’ wrongful acts, the Court has construed reasonably strictly the limits on such consent. Kubrick, 444 U.S. at 117-18, 100 S.Ct. 352. Kubrick itself reversed a line of circuit precedent that, while adopting the discovery rule, applied it rather too freely. See id. at 121 n. 8, 100 S.Ct. 352 (collecting cases). Recent Supreme Court decisions have also been quite respectful of limitations periods. E.g., TRW Inc. v. Andrews, 534 U.S. 19, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001); Rotella v. Wood, 528 U.S. 549, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000).
In the end, the risks of prompting persons to file claims too soon seem less weighty than the importance of getting notice to the government at the earliest reasonable opportunity. It is one thing to cut off a claim where no reasonable suspicion existed within the limitations period. But where the claimant thinks or should think that he may well have a claim, then under present law the government should be notified within two years. If the law is to be fine-tuned further, Congress may well be better equipped to devise the options and assess the consequences.